*1270 OPINION.
Muedock:
This Board is slow to reject the opinion of a corporation’s directorate as to the reasonableness of salaries. However, when the Commissioner has determined that a salary is unreasonable a certain burden of proof rests upon the petitioner to overcome the presumption in favor of the Commissioner’s determination. *1271 The determination herein denies the reasonableness of the salary of $3,900 paid to Mrs. Mary Kling in each of the years 1919 and 1920. The payment of such a salary to a woman 72 years old, who was merely a director giving occasional advice, is, to say the least, exceptional. Her services do not seem to exceed those that a principal stockholder might be expected to give to a corporation. It further appears that she is the mother of all but one of the other stockholders. In view of these circumstances we would require more convincing proof of the reasonableness of her salary than has been presented before we would hold that the Commissioner was in error as to this point.
It may well be that the officers of this corporation were deserving of more than their regular salaries as compensation for their extraordinary services in 1920. But the Commissioner has determined that the bonuses paid in that year were in reality a distribution of profits. They went to all stockholders in almost direct proportion of stockholdings without regard to services performed. Two of the stockholders rendered no services justifying the bonuses paid to them. These facts lead us to believe that the Commissioner was correct and we so hold.
The petitioner claimed that for the purpose of a deduction under section 234(a) (7) of the Revenue Act of 1918, its buildings had a fair market value on March 1, 1913, of at least $25,000 and that 2 per cent was a proper rate to allow for their exhaustion, wear and tear, and obsolescence. To support its contention it called two witnesses, each of whom knew the buildings in 1913. The one was an experienced contractor and the other was an architect. From their testimony we find that a value for the buildings of at least $25,000 has been established and that the deduction should be computed at the rate of one per cent for each year. The value and the rate might well be higher, but the burden of proof was upon the petitioner and the evidence does not justify any increase over these figures.
In order to allow any deduction under this section for machinery and equipment we must know not only the value or cost but also the proper rate to apply to that value or cost. There was some evidence from which we might find the March 1, 1913, value of the machinery and equipment, but there is no satisfactory or convincing evidence to establish the rate. It appears that exhaustion, wear and tear were offset to a very large extent by repairs charged to expense. The only rate mentioned was far from a proper one as shown by other evidence. Consequently we can not allow any deduction on account of this property. The same is true in regard to a deduction on account of patterns. The evidence gives us no idea of a proper rate.
*1272 The petitioner’s remaining allegation of error is based on the Commissioner’s refusal to give the benefit of sections 327 and 328 of the Revenue Act of 1918 in the computation of the petitioner’s excess-profits tax for 1919. To show that this was error it alleges that its tax was disproportional to the tax of its competitors, due partly to the fact that its salary deductions were disallowed. The evidence fails to disclose any abnormalities within the intendment of section 327 (d) of the Act.

iJudgment will be entered on notice of 15 days, wider Rule 50.

Considered by TRAmmell, Moerts, and Siefkin.